## HINKLIN v BEAVER

Ohio Appeals, 3rd Dist, Marion Co

No 842.   Decided June 19, 1936

Mouser, Mouser & Wiant, Marion, for plaintiff in error.

Carl W. Lortz, Columbus, Harvey Jones, Columbus, and Paul Smith, Marion, for defendant in error.

## OPINION

By KLINGER, PJ.

William H. Hinklin is a practicing physician in the City of Marion, Ohio, and while in the performance of his professional duties he drove a Ford coupe automobile on the 12th day of June, 1934, at about the hour of six P. M., from Marion, Ohio, in a southerly direction on the Marion and Delaware Highway. At a point about four and a half miles south of the City of Marion, the Marion-Delaware Highway is crossed by a public highway known as the Neidhart Road which runs in an easterly and westerly direction. The plaintiff at the intersection of these two highways, after looking in the rear vision mirror of his automobile for automobiles approaching from the rear and observing none, and after signalling of his intention so to do by signal visible outside of his automobile, attempted to make a left hand turn to the east with his automobile for the purpose of turning upon the said Neidhart Road. At this time the defendant, who was driving a Studebaker sedan in a southerly direction on the Delaware-Marion Road, to the rear of plaintiff's car, collided with the rear of plaintiff's car, collided with the rear of plaintiff's car, there being evidence tending to prove that immediately preceding the collision the defendant was driving at a rate of speed in excess of fifty miles per hour. Plaintiff suffered injuries to his body for which he seeks to recover damages in this proceeding.

Plaintiff in his petition claimed that the defendant was guilty of negligence in that:

First: The defendant was driving his automobile at a speed in excess of fifty miles an hour.

Second: That he failed to give plaintiff notice of his approach while driving his car at this high rate of speed.

Third: That he was driving the car on the left or wrong side of the highway at and before the time of the collision of his car with that of plaintiff.

Fourth: That the defendant, as he approached the car of plaintiff, had a clear vision of plaintiff's car and failed to slacken the speed of his car or exercise ordinary care to avoid striking plaintiff's car.

Fifth: That the defendant had ample room to drive his car to the right of the car of the plaintiff had he exercised ordinary care.

The parties went to trial. A jury was sworn, trial statements were made by counsel, and the plaintiff introduced his evidence in support of his contentions and rested his case. Whereupon the defendant moved the court to direct a verdict for the defendant for the reasons, first, that plaintiff has not shown that defendant was operating the automobile at the time the accident so happened; second, because the plaintiff's own evidence disclosed contributory negligence as a matter of law. This motion was sustained by the court and the jury returned a verdict, as directed by the court, in favor of the defendant, to all of which the plaintiff excepted. Motion for new trial being overruled, judgment was entered on this verdict and this proceeding in error is brought to reverse this judgment.

Whether plaintiff's own evidence disclosed contributory negligence as a matter of law, is to be determined from a consideration of the provisions of §6310-22 GC, reading as follows:

"Drivers of vehicles before turning, stopping or changing their course shall make sure such movement can be made in safety and shall cause signals to be made of their intention in a way visible outside the vehicle."

In the case of **Buckeye Stages, Inc. v Bowers, 129 Oh St 412**, it is held:

"Where a penal statute enacted for the protection of the public imposes an absolute duty or makes a specific requirement,

the violation thereof constitutes negligence per se."

It will be noted, however, that it is not every violation of a penal statute enacted for the protection of the public that constitutes negligence per se. Such penal statutes are divided into two general classes. First, those which make penal the doing or refraining from doing a definite act; and second, those which make penal the failure to observe a general rule of conduct. This distinction is recognized in the case of **Heidle v Baldwin, 118 Oh St 375; Times Square Garage Co. v Spencer, 121 Oh St 77; State v Shaffer, 96 Oh St 215; Shell v Dubois, Admr., 94 Oh St 93,** and is explained in the dissenting opinion of Williams, J., in the case of Buckeye Stages v Bowers, supra.

An examination of the provisions of §6310-22 GC discloses that it incorporates provisions coming within both the general classes referred to, first, the provision that drivers of vehicles before turning, stopping or changing their course shall make sure such movement can be made in safety, which under the decisions mentioned and the decision in the case of **Scott, Admrx., Appellee v Hy-Grade Food Products Corp. Appellant, 131 Oh St 225.** Ohio Bar, June 8, 1936, is a general rule of conduct the violation of which does not constitute negligence per se but is negligence in the sense of want of ordinary care; and second, the provision that drivers of automobiles shall cause signals to be made of their intention in a way visible outside the machine which imposes an absolute duty and makes a specific requirement, the violation of which is negligence per se.

Under the evidence in this case, the plaintiff, before turning, made a signal of his intention to turn, in a way visible outside of the vehicle and did not violate the provision of §6310-22 GC imposing an absolute duty and making a specific requirement the violation of which would constitute negligence per se.

There is also evidence that the plaintiff, before making the turn, looked in the rear vision mirror of his car to ascertain whether any cars were approaching from the rear, and observing none, attempted to make the turn. In doing this the plaintiff had the right to assume in the absence of warning to the contrary (which was not given), that automobiles to his rear were traveling at a lawful rate of speed and on the right side of the road where they would be reflected in his rear vision mirror. Whether in doing as he did the plaintiff exercised ordinary care to make sure that such movement could be made in safety as required by such rule of conduct, is a question of fact for a jury and the court was without jurisdiction to hold as a matter of law that this action of the plaintiff in doing as he did was not a compliance with the said provision of said section.

Consequently under the facts of this case the court erred in granting the motion of the defendant for a directed verdict on the ground that under the evidence plaintiff was guilty of contributory negligence as a matter of law.

Without going into detail, there is evidence in this case identifying the defendant, who was in the court room, as the driver of the car which collided with plaintiff's car, and consequently the court erred in directing a verdict on the ground that the evidence did not show that the defendant was operating the automobile at the time the accident happened.

Under the evidence offered by the plaintiff in the trial of this cause, different conclusions might be reached by different minds, and under such circumstances a verdict should not be directed but the question of fact should be submitted to the jury for determination. See **Pence v Kettering, 128 Oh St 52.**

For the reasons mentioned, the judgment of the lower court will be reversed and the cause remanded for a new trial and further proceedings according to law.

GUERNSEY, J, concurs.

## CONCURRING OPINION

By CROW, J.

The only substantial point presented by the record in this case is the meaning of portions of §6310-22, GC, and so far as concerns the feature of specific requirement, the late case decided by the Supreme Court of Ohio, **131 Oh St 225,** supra, Ohio Bar, June 8, 1936, is clearly controlling. Wherefore the trial court in the instant case erred in directing a verdict for defendant, because plaintiff testified that he gave the statutory signal, and in connection therewith introduced other testimony which made a case submissible to the jury. Plain-

tiff's conduct otherwise than pertaining to the signal, in its relation to the issue of contributory negligence was also for the jury.

The effect of the various decisions of the Supreme Court of Ohio, if not of the language used in the opinions, where §6310-22, GC, was involved, has produced in me the understanding that except the absolute duty to give the signal, the section does no more than to reiterate the common law namely that plaintiff must have exercised ordinary care for the safety of others and for his own safety when making the turn, failure of which would have resulted precisely the same as though the statute had not been passed.